FIREMAN'S FUND INSURANCE COMPANY OF SAN FRANCISCO, CALIFORNIA and Canal Insurance Company of Greenville, South Carolina, Appellants,

v.

W. P. COLLINS et al., Appellees.

No. 15268.

United States Court of Appeals, Fifth Circuit.

March 11, 1955.

Rehearing Denied April 12, 1955.

Estes Doremus, Atlanta, Ga., A. Pratt Adams, Jr., Edwin A. McWhorter, Savannah, Ga., Smith, Field, Doremus & Ringel, Atlanta, Ga., Douglas McWhorter & Adams, Savannah, Ga., for appellants.

John C. Wylly, E. Ormonde Hunter, Savannah, Ga., for appellee.

Lewis, Wylly & Javetz, Savannah, Ga., Emanuel Lewis, Savannah, Ga., of counsel, for W. P. Collins, appellee.

Connerat, Dunn, Hunter, Cubbedge & Houlihan, Savannah, Ga., for Great Dane Trailer Sales, Inc., appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

This appeal is from a judgment on a jury verdict for plaintiff for $14,005, including $1,080 as penalty and $2,125 as attorneys fees, as damages resulting from the upset of a tractor and trailer and its fall into a deep cut and onto a railroad track.

The two defendants, insurance companies which had insured plaintiff's fleet of vehicles against casualties, including collision and upset, are here insisting that, for the reasons put forward by them,[1] the judgment must be reversed.

---

1. These in substance are: (1) that the verdict should have been directed for failure of plaintiff to file proofs of loss; (2) that it was error to admit the testimony

The appellees, with equal if not greater assurance, urge upon us that the judgment is not affected with prejudicial error and the judgment must be affirmed.

The facts are brief[2] and not in dispute except as to whether the railroad company used or did not use due care in getting the vehicles off their track and right-of-way.

The issues, including whether the railroad company had or had not used due care in removing the vehicle, and whether the defendants had acted in bad faith so as to be liable for attorneys fees and penalty, were submitted to the jury on a general charge, to which no exception was taken by the defendants except to the submission of the issue of penalty and attorneys fees, and there was, of course, exception to the refusal of defendants' requested charges.

By its general verdict the jury found in effect that the damage suffered was the result of the upset and fall into the cut and was covered by the policies,

of one Hammond, that the trailer was a total loss; (3) that it was error to submit to the jury, questions of penalty and attorneys fees; and (4) that it was error to refuse defendants' requested charges.

**2.** In substance these are the facts:

On July 25, 1952, the insurance companies issued policies insuring the fleet of vehicles of the appellee against certain casualties, including collision and upset.

On Oct. 8, 1952, at about 9:30 p. m., a tractor and trailer of the appellee, covered by the insurance policies, overturned from a clay road near Swainsboro, Georgia, onto the tracks of the Georgia and Florida Railroad paralleling the road and beneath it a distance of approximately fourteen feet. The road was very slippery because of constant rains.

Appellee was notified of the accident by telephone, and he in turn telephoned the insurance agent who had issued the policies. Both the appellee and representatives of the insurance companies went to the scene of the upset as promptly as possible. The appellee personally assisted in salvage operations by the removal of the cargo.

He also endeavored to make arrangements for removal of the equipment from the right-of-way, but the job was a very difficult one. It was over 500 feet from where the equipment was lying on the track to the nearest opening into the cut and the slope of the cut was almost vertical. Very heavy wrecking equipment was needed and the available automobile wreckers apparently could not do the job.

A civil engineer with the Georgia and Florida Railroad, was in Swainsboro and was told about the upset. He went to the scene a few minutes after 10 o'clock, less than an hour after the accident had occurred. Later that night Mr. J. O. Strickland, adjuster for the insurance companies, arrived and discussed the situation with Mr. Austin and the appellee. Also present was the owner of the local automobile wrecking business.

The railroad had on the tracks a train which left Augusta about 10 o'clock that night, and there was a northbound train carrying perishables, which was scheduled to arrive in Augusta shortly before 6 o'clock the following morning. The first train was north of the site of the upset; the second was south of it. The nearest wrecker or crane was at Douglas, Georgia, and the evidence shows that it would have taken twelve to fourteen hours for it to have been brought to the scene. This would have tied up six trains, one of which was carrying perishable merchandise of $50,000 or $60,000 in value. Mr. Austin testified that even had a railroad crane been available, removal of the equipment by it would have probably resulted in extensive damage.

Between 3:00 and 4 o'clock in the morning the railroad removed the equipment from the tracks by dragging it with the cables hitched to the engine of a freight train that had arrived in Swainsboro about 2 o'clock.

The insurance companies conceded by letter of Nov. 18, 1952, from their adjuster, that they are liable for the damage done to the equipment which occurred in the upset onto the railroad track and denied liability for the damage caused by the removal of the equipment from the track. They offered to pay $1,000, but no evidence was introduced to show how much damage was done by the upset itself and how much resulted from the removal from the tracks. The appellee introduced evidence to show that extensive damage was caused by the upset alone, but the insurance companies introduced no evidence whatever to show any segregation of the damages.

Great Dane Trailer Sales, Inc., from whom the trailer had been bought, intervened as a holder of a lien, and as an additional insured.

and that there was bad faith on the part of the insurance companies in the handling of the loss claimed.

The record standing thus, unless appellants are correct in their claim that plaintiff's recovery is defeated for failure to file proofs of loss or that procedural error has attended the trial, the judgment must be affirmed.

 Of the first and most argued claim of error, that no proofs of loss were filed, it is sufficient to say that we think there is a great deal in appellees' contention that the assured made a full and detailed report to the adjuster for the appellants and that no other proofs were required. It is not necessary, however, for us to place our rejection of appellants' claim on that ground. For we are in no doubt that the flat position taken by the defendants: that the damage caused by the upset amounted to only $1,000; that the remainder of the damage was caused by the wrongful acts of the railroad company; and that they would not be liable for it; was such an absolute refusal to pay as waived further compliance with the policy provisions for additional proof of loss.

Defendants' other claims are no better taken. Indeed the claim that the admission of Hammond's testimony was error is frivolous. President of the trailer company and thoroughly familiar with trailer construction and the effect upon trailers of upsets and falls such as the one in question, it would have been difficult to find a person more qualified than he was to give an opinion as to the damage suffered by it. Besides, the question of qualification went not to the admissibility, but only to the weight, of his testimony.

As to the special charges, the refusal of which is claimed as error, appellants' claim seems to be that in refusing to give special charges 1, 2, 3, 4, 5, and 6, the court in effect instructed out of the case appellants' defense that the greater part of the damages were not the proximate result of the upset and overturn but of the gross negligence

and wanton conduct of the railroad company.

In a sense this is true, but the sense in which it is true favors the defendants and not the plaintiff. For, instead of charging the issue as defendants had requested it, so that defendants would have been relieved of the loss consequent on the removal from the tracks only if the railroad company had been guilty of wanton or willful misconduct, the district judge gave the defendants the benefit of a much more favorable charge by authorizing the jury to find against the plaintiff for any damages resulting from the action of the railroad if it found merely simple negligence.

We agree with the appellees that no prejudicial error attended the trial and that the judgment must be affirmed.

Affirmed.